UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD SATISH EMRIT,

    Plaintiff,

v.                                                Case No. 8:20-cv-773-T-60TGW

BETSY DEVOS, et al.,

    Defendants.
_____/

## **VEXATIOUS LITIGANT ORDER**

This matter is before the Court *sua sponte*.

## **Introduction**

When someone chooses to file an action in court, they have an obligation to do so in good faith and for proper purposes. This is true for parties represented by lawyers as well as parties representing themselves. Unfortunately, parties occasionally attempt to weaponize the court system and use it as a tool to harass, embarrass, intimidate, retaliate and waste other people's time and resources. Others occasionally attempt to use the courts to vindicate personal grievances, real or imagined, with no connection to the parties they choose to sue. In those rare instances when parties attempt to use the court system for improper purposes, judges have a responsibility to stop it while at the same time always respecting the rights of parties to pursue legitimate claims.

Judges have been generally successful in stopping parties represented by counsel from using the courts for improper purposes. However, *pro se* litigants who attempt to use the courts for improper purposes present a significant challenge to courts throughout the country. On one hand, courts must be open and available to all, including those who choose to represent themselves, and the law directs that *pro se* filings are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). On the other hand, some experienced and savvy *pro se* litigants, proceeding in bad faith, understand this directive and attempt to exploit it to their advantage. Furthermore, the line between *pro se* parties struggling in good faith to pursue legitimate claims and those proceeding in bad faith with vexatious litigation is not always clear. As such, many courts choose to give *pro se* parties "the benefit of the doubt" and are reluctant to act even when there is evidence *pro se* parties are using the courts for improper purposes. Experienced and savvy *pro se* litigants also understand this judicial reluctance to act and attempt to exploit it to their advantage.

As will be discussed below, it is very clear that the plaintiff in this action is not proceeding in good faith and is attempting to use the courts for improper purposes. For the reasons explained below, these efforts will not be allowed to continue in this court.

## Background

Since at least 2013, Plaintiff Ronald Satish Emrit ("Emrit") has been a serial filer of frivolous actions in federal courts throughout the United States. *See, e.g., Emrit v. Fed. Bureau of Investigation*, 2020 WL 731171, at *1 n.1 (S.D. Cal. Feb. 13, 2020) (discussing Emrit's litigation history); *Emrit v. Universal Music Group*, 3:19-CV-05984-BHS, 2019 WL 6251365, at *2 (W.D. Wash. Nov 4, 2019), *report and recommendation adopted*, No. C19-5984 BHS, 2019 WL 6251192 (W.D. Wash. Nov. 22, 2019) (same); *Emrit v. Nat'l Acad. of Recording Arts and Sciences*, No. A-14-CA-392-SS, 2015 WL 518774, at *4 (W.D. Tex. Feb. 5, 2015) (same).[1] In fact, "over two hundred civil cases and appeals in the federal court system have been filed under [Emrit's] name, and he has been barred from filing suits without leave of court in [several] federal district courts." *Emrit v. Fed. Bureau of Investigation*, No. 6:20-cv-191-Orl-41LRH, 2020 WL 1451623, at *1 (M.D. Fla. Mar. 25, 2020) (internal quotation omitted).

Emrit recently attempted to bring suit in this Court against Defendants Betsy DeVos, United States Department of Education, Default Resolution Group, Nelnet, and Action Financial Services, LLC. In connection with his compliant, Emrit filed a motion to proceed *in forma pauperis*, claiming indigency. However, he also filed *identical actions* in at least *ten* other federal district courts throughout the United

---

[1] The Texas district court documented cases filed by Emrit since March 2013, along with the results of those actions – each of the *forty-seven cases* referenced in the chart was dismissed. Since then, Emrit has only continued to clog the federal district courts and appellate courts with meritless and frivolous litigation. A PACER search as of the date of this Order reflects that, including the instant case, Emrit has three cases pending in the Middle District of Florida, *and sixteen cases pending in thirteen other jurisdictions across the United States.*

States.  *See Emrit v. DeVos*, No. 1:20-CV-35 JAR, 2020 WL 833595, at *1 (E.D. Mo. Feb. 20, 2020) (collecting cases).   The Court denied his motion to proceed without costs and dismissed the complaint as frivolous.  (Doc. 10).

## Analysis and Ruling

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."  *Procup v. Strickland*, 792 F. 2d 1069, 1073 (11th Cir. 1986) (citing *In re Martin-Trigona,* 737 F.2d 1254, 1261-62 (2d Cir. 1984)).  Judges have various tools available to address vexatious activities in their courts.  These include, among other things, the ability to strike pleadings, impose monetary sanctions, impose pre-filing screening requirements, and the power of contempt.  In most cases, the threats of monetary sanctions and reporting lawyers to bar regulatory authorities are sufficient to stop improper behavior.  However, those approaches do nothing to stop *pro se* litigants who are not members of the bar, or who have no assets and are, for practical purposes, judgment-proof.  For these individuals, admonishment by a judge or the imposition of a monetary sanction means nothing and does nothing to deter vexatious conduct.  In these cases, a more direct approach is required.

The Eleventh Circuit has recognized that the "All Writs Act" (28 U.S.C. § 1651) empowers federal district courts to enjoin parties from filing actions in judicial forums and otherwise restrict their filings.  *See Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1295 n.15, 1298 (11th Cir. 2002); *see also Martin-Trinoga v. Shaw*, 986, F.2d 1384, 1387 (11th Cir. 1993).  The Eleventh Circuit has affirmed various injunctions — such

as pre-filing screening restrictions — against vexatious litigants. *Copeland v. Green*, 949 F.2d 390, 931 (11th Cir. 1991); *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 518 (11th Cir. 1991).

When determining whether to enter an injunction against a *pro se* litigant, a district court should consider, among other factors: (1) the litigant's history of litigation, and in particular, whether it involved vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursing the litigation, including whether they have an objective good faith expectation of prevailing; (3) whether the litigant has caused needless expense to other parties or imposed an unnecessary burden on the courts and their personnel, and (4) whether other sanctions would be appropriate to protect the interests of the courts and other parties. *Ray v. Lowder*, No. 5:02-cv-316-Oc-10GRJ, 2003 WL 22384806, at * 2 (M.D. Fla. Aug. 29, 2003).

Upon consideration of these factors, the Court concludes that Emrit is a vexatious litigant and that sanctions are appropriate. The Court joined other courts in finding that the complaint filed in this case is "frivolous and malicious as it is part of [Emrit's] ongoing and persistent pattern of abusing the IFP privilege by filing vexatious, harassing, and duplicative lawsuits." *See Universal Music Group*, 2019 WL 6251365 at *2. As previously noted, Emrit has filed lawsuits identical to this one in at least ten other jurisdictions, in addition to the multitude of other meritless and frivolous lawsuits that he is pursuing across the United States at this time.[2] He

---

[2] As previously noted, a PACER search as of the date of this Order reflects that, including the instant case, Emrit has three cases pending in the Middle District of Florida, and sixteen cases pending in thirteen other jurisdictions across the United States.

cannot have an objective good faith expectation of prevailing on these claims. Emrit is imposing unnecessary burden on the parties he is suing, and on the courts and their personnel. He is wasting valuable judicial resources with his relentless frivolous filings.

Emrit has been repeatedly warned about his conduct but continues to file frivolous lawsuits. In fact, due to his vexatious conduct, Emrit has been prohibited from filing lawsuits without leave of court in numerous other federal courts. *See, e.g.*, *Emrit v. Trump*, 2019 WL 935028, at *1 (S. D. Ohio Feb. 26, 2019); *Emrit v. Simon*, No. 17-CV-4605 (SRN/SER), 2017 WL 11483905, at *1 (D. Minn. Dec. 8, 2017); *Emrit v. Providence Hous. Auth.*, No. CV 16-543 S, 2017 WL 52572, at *1 (D.R.I. Jan. 4, 2017, *aff'd*, No. 17-1110, 2017 WL 3254898 (1st Cir. May 23, 2017); *Emrit v. Centers for Medicare & Medicaid Servs.* (CMS), No. 2:14-CV-1761-GMN-PAL, 2016 WL 164992, at *2 (D. Nev. Jan. 14, 2016); *Emrit v. Soc. Sec. Admin.*, 2:14-cv-1760-GMN, 2015 WL 4597834, at *1 (D. Nev. July 29, 2015); *Emrit v. Nat'l Acad. of Recording Arts and Scis*, No. A-14-CA-392-SS, 2015 WL 518774, at *4 (W.D. Tex. Feb. 5, 2015); *Emrit v. AOL Time Warner*, No. 14-cv-314 (LAP) (S.D.N.Y. May 16, 2014). In these circumstances, the Court finds it appropriate to do the same and will enjoin Emrit from filing any action, compliant, petition, or other document in the Middle District of Florida without first obtaining leave from the Middle District of Florida or the United States Court of Appeals for the Eleventh Circuit.

### E-Mails

While attempting to prosecute his frivolous claims in this Court, Emrit has sent approximately *two hundred* emails to the Court's e-mail address since March 1, 2020. These e-mails are nonsensical, incoherent, and unrelated to any issue before the Court. Due to the voluminous and unnecessary e-mails Emrit has chosen to send to this Court, he is directed to cease using e-mail to communicate with any member of the Court, or any court employee. This Court will not read or respond to these communications.

### Conclusion

Where, as here, a litigant is obviously not proceeding in good faith, courts have no choice but to act. Courts are, understandably, reluctant to act decisively for fear of extinguishing the rights of *pro se* litigants to pursue legitimate claims. But this concern should not outweigh the rights of innocent parties that are forced to expend valuable time and resources defending claims that should never have been brought in the first place.

This is particularly true when dealing with savvy and experienced *pro se* litigants, such as Emrit, who understand the legal system's reluctance to sanction them and use it to their advantage. These individuals engage in vexatious conduct that would never be tolerated from even a first-year lawyer. As these *pro se* parties know from their own prior litigation experience, courts will generally give them the benefit of the doubt and there will be few or no consequences to their actions.

If judges allow the court system to be weaponized by any party for improper purposes, the public is not well-served.  The results are disastrous and unfair to the parties and to the court system itself.  Judicial time and resources are wasted responding to phone calls, e-mails, letters, and voluminous pleadings and filings of various sorts.  These resources are, of course, diverted from legitimate, meritorious claims.  But perhaps more importantly, parties defending claims brought by a *pro se* vexatious litigant are penalized because they are required to expend their own time and resources they can never get back even if the case is eventually dismissed, and they have no possibility of ever being compensated for their losses because the *pro se* litigant is judgment-proof.  In this way, the vexatious litigant always wins – even if he "loses" his case.

Judges have a responsibility to ensure the courts remain open to all to pursue claims in good faith.  They have an equally important responsibility to ensure courts are not abused for improper purposes.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Ronald Satish Emrit is a vexatious litigant pursuant to 28 U.S.C. § 1651(a), and he is **ENJOINED** and **PROHIBITED** from filing any new document – including, but not limited to, any action, complaint, petition, or motion – in the Middle District of Florida without first obtaining the prior written approval of the senior Magistrate Judge in the division in which the document is sought to be filed, except for filings in currently pending cases.

2. Any motion for leave to file must be captioned "Motion for Leave to File Pursuant to Court Order," and Emrit must attach to each and any such motion: (1) a copy of any proposed complaint, petition, or other document; (2) a copy of this Order; and (3) a certification – under oath – that there is a good faith basis for filing any complaint, petition, or other document.

3. In the event that the senior Magistrate Judge's review results in a finding that Emrit's action is not frivolous, then the Magistrate Judge shall direct the Clerk to file his case and assign in according to the normal procedures.

4. In the event that the senior Magistrate Judge's review results in a finding that Emrit's action is frivolous, that action will not be filed with the Court but instead will be returned to Emrit.

5. Should Emrit violate this Order and file an action without first seeking leave, the action will be dismissed for failing to comply with this Order.

6. Emrit is further warned that the continued submission of further frivolous filings may result in the imposition of additional sanctions, including monetary sanctions.  *See* 28 U.S.C. § 1651.

7. The Clerk of Court shall send a copy of this Order to all divisions of the Middle District of Florida, to the United States Court of Appeals for the Eleventh Circuit, and to all divisions of the following United States District Courts, where Emrit has pending cases: the Southern District of Florida (1:20-cv-20697-JLK), the District of Alaska (5:19-cv-00009-TMB-DMS; 5:20-cv-00001-SLG; 5:20-cv-00002-TMB; 5:20-cv-00003-SLG), the Southern

District of California (3:20-cv-00266-JAH-BLM); the District of Hawaii (1:20-cv-00008-LEK-WRP); the Northern District of Iowa (1:19-cv-00116-CJW-KEM); the Northern District of Illinois (1:20-cv-01025); the District of Massachusetts (3:20-cv-30018-KAR); the District of Montana (1:17-cv-00136-BMM); the Western District of New York (1:20-cv-00183-LJV); the District of Oregon (6:20-cv-00024-MK); the District of Utah (2:18-cv-00901-CW-CMR); the Eastern District of Virginia (1:19-cv-01302-CMH-TCB); and the Western District of Wisconsin (3:18-cv-00937-wmc).

8. Due to the voluminous e-mails being sent to the Court, Emrit is directed to cease from using the e-mail address of the Court, any member of the Court, or any court employee. The Court will not respond to these communications, and violation of this Order may result in further sanctions.

9. The Clerk of Court is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 20th day of April, 2020.

*[signature]*

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**